Terry Lynn WILSON, Appellant,

v.

Greg COON, Sheriff of Grundy County, Missouri, Trenton, Missouri, Appellee.

No. 86–1493.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 17, 1986.

Decided Jan. 8, 1987.

Rehearing Denied Feb. 17, 1987.

Roy W. Brown, Kearney, Mo., for appellant.

Before McMILLIAN, ARNOLD and BOWMAN, Circuit Judges.

ARNOLD, Circuit Judge.

Terry Lynn Wilson appeals the District Court's[1] denial of his petition for habeas corpus under 28 U.S.C. § 2254. Wilson was convicted in state court of operating a motor vehicle while intoxicated. Although he has served his sentence, this appeal is not moot, because collateral consequences attach to the conviction.

The only issue raised is whether Wilson was in custody for purposes of *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), when a state police officer, Trooper Christensen, questioned him without first advising him of his rights to counsel and to remain silent. The facts were developed at trial in state court, and we presume that they are correct. 28 U.S.C. § 2254(d). Christensen arrived at the scene of a two-car collision at which an ambulance and two medical attendants were already present. Christensen saw Wilson sitting near the bottom of an embankment about 30 or 40 feet from the wrecked cars. When the medical personnel tried to attend to Wilson, Christensen saw him crawling on his hands and knees, flailing his arms, and belligerently refusing medical attention. Christensen assisted the medical attendants, and, while at least one attendant restrained Wilson and examined him for injuries, Christensen asked Wilson whether he had driven one of the cars involved in the collision. Wilson first denied driving but then quickly admitted that he had. Over Wilson's objection, this statement was introduced at trial to show that he had operated a vehicle.

The Missouri Court of Appeals affirmed Wilson's conviction in an unpublished opinion. It ruled that Wilson was not entitled to *Miranda* warnings before Christensen questioned him, in part because he was not in custody at that time. After the Supreme Court of Missouri refused both direct and collateral review of his case, Wilson filed this habeas petition in federal court. The District Court denied the writ without conducting an evidentiary hearing, relying instead on the state-court opinion and on the portions of the state-court transcript appended to the petition. Based on that record, the District Court held that Wilson was not in custody for purposes of *Miranda*. In this Court, Wilson accepts as correct the facts on which the District Court relied; he argues only that the Court's legal conclusion was wrong.

At the outset we note that the record contains no indication that Trooper Christensen himself took Wilson into custody. There is no evidence suggesting that Christensen detained Wilson or ordered the medical attendants to detain him. Ordinarily, the absence of these facts would end our examination of whether Wilson was in custody for *Miranda* purposes; here, however, the facts suggest another theory of custody. One of the ambulance attendants testified that he was physically restraining Wilson in order to examine him for injuries at the time Christensen questioned him. Thus, Wilson was literally in someone's custody when he was interrogated. If this custody was inherently coercive, and if Christensen took advantage of the inherently coercive situation to question Wilson, then, even though the situation was not created by law-enforcement officers, *Miranda* might apply.

■ We start from the proposition that the bare fact of physical restraint does not itself invoke the *Miranda* protections. The

**1.** The Hon. Joseph E. Stevens, Jr., United States District Judge for the Eastern and Western Districts of Missouri.

Supreme Court has recognized that a restraint on freedom of action does not *ipso facto* create a situation in which *Miranda* warnings are necessary. In a case involving a traffic stop, which, like the physical restraint here, "significantly curtails ... 'freedom of action,'" *Berkemer v. McCarty*, 468 U.S. 420, 436, 104 S.Ct. 3138, 3149, 82 L.Ed.2d 317 (1984), the Court said:

> Fidelity to the doctrine announced in *Miranda* requires that it be enforced strictly, but only in those types of situations in which the concerns that powered the decision are implicated. Thus, we must decide whether a traffic stop exerts upon a detained person pressures that sufficiently impair his free exercise of his privilege against self-incrimination to require that he be warned of his constitutional rights.

*Id.* at 437, 104 S.Ct. at 3149. Similarly, we must decide whether the ambulance attendant's physical restraint created an inherently coercive environment which required *Miranda* warnings.

 Three factors persuade us that the restraint of Wilson did not create an inherently coercive environment. First, as in *Berkemer*, a reasonable person would expect physical detention by ambulance personnel at an accident site to be "presumptively temporary and brief." *Id.* One would reasonably expect such detention to last only for the time necessary to complete a medical examination for injuries. This time may be a brief field examination at the accident site or, as in Wilson's case, a longer period for examination and observation in a hospital. The important point, however, is that a reasonable person would expect the detention to last only for the time that is medically necessary and would feel free to leave after then (or before, if the patient competently refused to consent to medical treatment). This is in contrast to the typical *Miranda* situation, which is prolonged and may continue until the suspect divulges the information sought. See *id.* at 438, 104 S.Ct. at 3150. Second, the detention here occurred in public and in view of non-police witnesses, the medical attendants. Public exposure reduces the likelihood that law-enforcement agents will use oppressive or abusive tactics and renders the situation less "police-dominated." *Id.* at 438–39, 104 S.Ct. at 3150–51. Finally, and most importantly, the physical restraint here was applied by ambulance attendants for medical purposes, not by law-enforcement officers for investigative purposes. A reasonable person would perceive this detention as imposed only for purposes of a medical examination, not a police interrogation. Detention for a medical examination is not a situation that a reasonable person would find inherently coercive in the sense required by *Miranda*.

There may be facts which transform physical restraint for a routine medical examination at an accident site into an inherently coercive situation, but those facts are not present on the record before us. We have Trooper Christensen's statement that he "was trying to assist the ambulance personnel," Designated Record at 25, but this does not imply that Wilson's detention was police-dominated, inherently coercive, or tantamount to a formal arrest. Therefore this case does not present a custodial situation under *Miranda*, and the District Court was correct in so holding.

Affirmed.